914

**XIANGHAO LIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,\* Respondent.**

No. 04–5183–ag.

United States Court of Appeals, Second Circuit.

July 23, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted automatically for former Attorney General John Ashcroft in this case.

Jim Li, New York, NY, for Petitioner.

Toi Denise Houston, Assistant United States Attorney for the District of Indiana (Joseph S. Van Bokkelen, United States Attorney, on the brief), Hammond, IN, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Xianghao Lian petitions for review of an order of the Board of Immigration Appeals ("BIA") dated September 14, 2004, dismissing his appeal of Immigration Judge Alan A. Vomacka's (the "IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Xianghao Lian*, No. A 78 973 045 (B.I.A. Sept. 14, 2004), *aff'g* No. A 78 973 045 (Immig. Ct. N.Y. City July 18, 2003). We assume the parties' familiarity with the balance of the facts, procedural history, and specification of issues on appeal.

Because the BIA summarily affirmed the IJ's decision, we review the IJ's deci-sion directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review that decision only for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ The IJ's adverse credibility determination rests on several erroneous grounds. First, the IJ erroneously discredited petitioner for a failure to "display a certain level of doctrinal knowledge" about Falun Gong. *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006). Second, the IJ erroneously concluded that the record contained no evidence of demonstrations in Beijing that petitioner claimed to have attended in late September and early October of 2000. Exhibit 7 plainly described "Falun gong protests in Tiananmen Square on October 1, 2000." *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir.2004) (noting that adverse credibility determination may not rest on "a misstatement of facts in the record"). The IJ also misstated the record in concluding that the Chinese government did not regularly threaten Falun Gong practitioners with psychiatric detention until late 2001. The record established that reports of such threats arose in October of 1999 and that by June of 2000 there were perhaps 600 Falun Gong practitioners "held in psychiatric units." *Id.*

The IJ additionally erroneously based his determination on the fact that petitioner did not embody the statistically archetypical Falun Gong practitioner. The fact that petitioner is not a "middle-aged woman"—the most common kind of Falun Gong practitioner—bears no rational relationship to his credibility. *See generally Secaida–Rosales*, 331 F.3d at 307 (noting that IJ's reasons "must bear a legitimate nexus to the [adverse credibility] finding"). The IJ also erred by discounting petitioner's credibility because he has smuggling

"debts or investments" to repay, which he is more likely to discharge if he can work in the United States. Presumably, many bona fide asylum petitioners desire to remain in the United States for reasons unrelated to their persecution. But absent some specific evidence, it is speculative to assume that these reasons cause a petitioner to lie. *See id.* (noting that adverse credibility determinations may not be based on "speculation or conjecture"). The IJ also improperly speculated when he theorized about whether petitioner's wife drafted her own letter. *See id.* Finally, although there was some conflicting evidence of when petitioner began his job in China, that point is "collateral" and thus an improper basis for the adverse credibility determination. *Id.* at 308.

Other bases of the IJ's adverse credibility determination were proper. These bases include the IJ's assessment of petitioner's demeanor and the tone of his wife's letter; petitioner's conflicting testimony on when the Chinese government banned Falun Gong; and the implausibility inherent in petitioner's claims that he left China using his own passport while under government surveillance, and that his wife corresponded with him about Falun Gong also while under government surveillance.

■ Still, we must vacate the BIA's order because we cannot confidently predict that the agency will reach the same result on remand. *See Xiao Ji Chen v. U.S. DOJ*, 471 F.3d 315, 339 (2d Cir.2006). The IJ described petitioner's credibility as a "close issue," and we have found several errors in the resolution of that issue. Once those errors are corrected, we cannot say what the result will be.

■ Finally, we note that petitioner has waived his withholding and CAT claims by failing to argue them in his brief. *See Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 414 (2d Cir.2006) (per curiam).

For those reasons, we GRANT the petition for review in part, VACATE the September 14, 2004 order of the BIA in part, and REMAND for further consideration of petitioner's asylum claim consistent with this order. The pending motion for a stay of deportation is DENIED as MOOT.